UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13020-GAO

DEREK CRYER,
Petitioner,

v.

JAMES SABA,
Respondent.

OPINION AND ORDER
June 15, 2015

O'TOOLE, D.J.

Following a jury trial, petitioner Derek Cryer was convicted of first degree murder and armed robbery on November 15, 1993. The Supreme Judicial Court ("SJC") affirmed his convictions on January 30, 1998. Cryer filed a timely petition for habeas relief pursuant to 28 U.S.C. § 2254 in this Court in January 1999. On March 4, 1999, the Court dismissed the petition without prejudice for failure to exhaust state remedies and indicated that a renewed petition would not constitute a second or successive petition. More than ten years later, Cryer filed a motion for a new trial in state court, which was denied on October 31, 2012. A single justice of the SJC denied his petition for leave to appeal that decision on July 18, 2013. Cryer has now filed a second petition for habeas relief under § 2254.

I.  **Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal habeas corpus petitions have a one-year statute of limitations. The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Cryer's conviction became

final when the 90-day period for seeking certiorari review by the Supreme Court expired, on April 30, 1998. See David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003). Accordingly, his limitations period for filing a petition under § 2254 expired on April 30, 1999.

While 28 U.S.C. § 2244(d)(2) provides that a pending "properly filed application for State post-conviction or other collateral review" tolls the limitations period, this provision does not apply to pending federal habeas petitions. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001). As a result, Cryer's first federal petition did not toll the limitations period even for the limited time it was pending. Although he eventually sought state relief in 2009, that motion had no tolling effect because the statute of limitations had already expired a decade earlier. See Delaney, 264 F.3d at 11 (explaining that 28 U.S.C. § 2244(d)(2) was of no benefit to the petitioner where the one-year limitations period had expired before he moved for a new trial in state court). Cryer does not dispute that his second petition for habeas relief is untimely. Rather, he contends that his late filing should be excused under the "actual innocence" exception to AEDPA's statute of limitations or, in the alternative, that the limitations period should be equitably tolled.

A.  Actual Innocence

Cryer contends that the actual innocence exception is applicable here. See McQuiggin v. Perkins, -- U.S. --, 133 S. Ct. 1924, 1928 (2013). The standard for proving actual innocence is demanding: the exception only applies where new evidence demonstrates that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." Schlup v. Delo, 513 U.S. 298, 327 (1995). Cryer's purported new evidence concerns a videotape submitted in evidence at trial. In the videotape, a person the jury could have found was Cryer's co-defendant says, "I never told her I killed Marty J. [the victim]." (Supplemental Answer at 104). A second person the jury

could have found was Cryer responds, "You told somebody," and "Who did you tell then?" (Id.) Eventually, Cryer says either "We'll be alright," (possibly suggesting he might share culpability with the co-defendant) or "You'll be alright" (possibly suggesting the co-defendant alone was culpable). (Id.) Neither Cryer nor his co-defendant is visible in the video. Cryer now proffers the expert testimony of a sound engineer to the effect that "it could *not* be scientifically determined, even by an experienced sound expert such as myself, whether the word, '*We*'ll' or '*You*'ll' was actually spoken, nor could the authorship of this and the precedent sentence(s) be satisfactorily determined." (Aff. of Norman R. Dotti, Ex. G at 20 (dkt. no. 1-4).)

This evidence does not demonstrate Cryer's factual innocence; it merely suggests that a piece of evidence before the jury was by itself inconclusive as to his guilt. Moreover, the ambiguity of the evidence was clear at the trial. The jury heard the audio recording multiple times, and defense counsel argued that the relevant portion of the recording was unintelligible in his closing. The actual innocence standard "requires more than a possibility of prejudice." Burks v. Dubois, 55 F.3d 712, 718 (1st Cir. 1995). That possibility is all that Cryer can show here.

Of course, the jury also had before it what it must have concluded (given the state trial court's instructions) was Cryer's voluntary confession of his complicity in the crime. That is an additional obstacle to a successful actual innocence claim.

B.  Equitable Tolling

Equitable tolling of the statute of limitations may be warranted if the delay was caused by extraordinary circumstances despite the fact that the petitioner had acted diligently to pursue his rights. Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002). Here, the fact that Cryer waited years before filing his second habeas petition suggests a lack of diligence. See Lattimore, 311 F.3d at 55 (refusing to apply equitable tolling

principles where the petitioner "waited over a decade after his direct appeals were completed before pursuing habeas relief").

Cryer also argues that this Court's previous order stating that a renewed application for habeas corpus relief would not constitute a second or successive petition excused the limitations period. But the order did no such thing: while the Court purported to give Cryer advance permission for a second petition to avoid a potential impediment under 28 U.S.C. § 2244(b)(2), (3), it did not indicate that other procedural barriers, such as the limitations period, would be waived. Indeed, Cryer sought clarification of the Court's order in 2003, and the Court pointed him to case law on the time for filing habeas petitions and explained that it would address timeliness should he file another petition. Cryer v. Maloney, No. 99-cv-10418-WGY (D. Mass. Mar. 19, 2003). Nevertheless, Cryer waited another six years before pursuing post-conviction relief in state court.

This is not a case for equitable tolling.

## II.    Conclusion

For the reasons set forth herein, the respondent's Motion to Dismiss (dkt. no. 16) is GRANTED.

Because the petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

                                                                        /s/ George A. O'Toole, Jr.
                                                                          United States District Judge